
Edwin HARLING, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22970.

United States Court of Appeals
Ninth Circuit.

Sept. 22, 1969.

Marvin S. Nepom (argued) and Ben T. Gray, Portland, Or., for appellant.

Erskine B. Wood, Jr. (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., Edwin L. Weisl, Jr., Asst. Atty. Gen., Civil Div., Morton Hollander, Chief, Appellate Section, Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., John F. Meadows, Atty. Admiralty & Shipping Section, San Francisco, Cal., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, MERRILL and CARTER, Circuit Judges.

PER CURIAM:

Appellant, a seaman on a United States vessel, brought this action for damages based on the alleged unseaworthiness of the vessel.

Appellant's theory as formalized by a pretrial order was that while sleeping on the vessel in Singapore, he was bitten by a mosquito and contracted dengue fever; that the vessel was unseaworthy in that it did not have screens on the portholes to the room in which he slept.

The trial court found against appellant on the facts: that there was no custom or requirement for screens; that appellant did not carry his burden of proof as to proximate cause; that appellant might have contracted the fever in town rather than on the ship; and that the particular mosquito will not bite at nighttime.

After the court's decision the appellant moved to amend the findings, conclusions of law and judgment, and the pretrial order to include another theory, to-wit that the ship carried the disease of dengue fever. This theory was no more valid than the first theory. The motion was denied.

The case was tried on the theory outlined in the pretrial order. Counsel, after trial and an adverse decision, was properly denied leave to amend.

* Hon. J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

**406**

The doctrine of unseaworthiness does not extend to injuries caused by instrumentalities ashore having no connection with the vessel. Morales v. City of Galveston, (1962) 370 U.S. 165, 171, 82 S.Ct. 1226, 8 L.Ed.2d 412.

The judgment is affirmed.